25 F.3d 1049
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Mary L. LACY, Plaintiff-Appellant,
v.
DEPARTMENT OF TREASURY, Defendant-Appellee.
 No. 93-2532.
 United States Court of Appeals, Sixth Circuit.
 May 18, 1994.
 
 Before: SUHRHEINRICH, BATCHELDER and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 Mary L. Lacy, a pro se Michigan resident, appeals a district court judgment dismissing her civil rights complaint filed pursuant to 42 U.S.C. Sec. 2000e (Title VII). The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Apparently seeking monetary relief, Lacy sued the Department of the Treasury contending that her employer, the Internal Revenue Service (IRS), discriminated against her: (1) by denying her a position as a computer programmer analyst; (2) by not allowing her to complete her individual career development plan (IDP); and (3) by not giving her merit awards. The defendant filed a motion for summary judgment which Lacy opposed. The district court granted defendant's motion for summary judgment and dismissed the case as meritless.
 
 
 3
 In her timely appeal, Lacy essentially raises the same claims that she presented to the district court. In addition, Lacy's brief is construed as arguing that the district court erred by not permitting her to engage in discovery prior to granting defendant's motion for summary judgment. Lacy has moved for the appointment of counsel.
 
 
 4
 This court's review of an order granting summary judgment is de novo. See EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990). Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).
 
 
 5
 Upon review, we conclude that Lacy failed to prove a causal connection between her prior EEO activities and the reasons she was not hired for a computer programmer analyst position, or for her failure to complete her IDP. Canitia v. Yellow Freight Sys., Inc., 903 F.2d 1064, 1066 (6th Cir.) (per curiam), cert. denied, 498 U.S. 984 (1990); Wrenn v. Gould, 808 F.2d 493, 500-01 (6th Cir.1987). Lacy's merit increase arguments are not reviewable on appeal because these issues were not brought before an EEO counselor within thirty days of when the denials occurred. See 29 C.F.R. Sec. 1613.214(a)(1)(i); Ang v. Proctor & Gamble Co., 932 F.2d 540, 545 (6th Cir.1991). Finally, Lacy's discovery argument is meritless.
 
 
 6
 Accordingly, we deny the motion for the appointment of counsel and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.